McNERNEY v. U. S. FID. & CAS. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8676. Decided June 11, 1928.

Middleton, PJ., and Mauck, J., of the 4th district, sitting.

127. **BANKRUPTCY.**

1. Order of referee, allowing or disallowing claim, is final, where not appealed from

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

or reversed on error, and such order may not be collaterally attacked in state court.

2. Where, by reason of disallowance, claim is not adjudicated in bankruptcy, debtor is not relieved of liability. Creditor not bound to prosecute appeal or error proceeding from order of referee.

Error to Common Pleas.

Judgment affirmed.

Moore, Mahon, Miller & Moore, Cleveland, for McNerney.

John H. McNeal, Cleveland, for U. S. Fid. & Cas. Co.

FULL TEXT.

MIDDLETON, PJ.

The record in this case discloses that the defendant in error was surety on a bond of the plaintiff in error, for the faithful performance of a certain contract that the latter had with the Board of Education of the City School District of the City of Cleveland, Ohio, and that McNerney defaulted in the performance of said contract, and the company was compelled to pay out certain monies by reason of such default. It appears that after this default, an involuntary petition in bankruptcy was filed against McNerney and he was adjudged a bankrupt by the District Court of the United States, Northern District of Ohio, Eastern Division.

During the pendency of the bankruptcy proceedings, the company filed with the Referee in Bankruptcy, proof of claim for the amount paid by it. To this claim, the Trustee objected, and the Referee sustained said objection, and disallowed the claim for the reason that it was based upon a contingent liability and not provable in bankruptcy. No review of this order of the Referee was sought by anyone and no proceedings on appeal or error were taken from such finding and order of the Referee.

Thereafter the company instituted this action against McNerney to recover for the amount so as aforesaid paid by it, and secured judgment for the same, which McNerney seeks to have reversed in this proceeding.

It is contended by him that the order and finding of the Referee aforesaid was erroneous and not supported by the facts.

It is, we think, definitely established that the order of a Referee allowing or disallowing a claim, is final, if not appealed from or reversed on error, and that such order may not be collaterally attacked in State courts.

Remington on Bankruptcy, Section 2313.

In the case of Clendenning v. National Bank, 94 Northwestern 901, it is said:

"Referees are judicial officers clothed with power to adjudicate in the first instance over the allowance or disallowance of claims presented against the bankrupt's estate, and their findings are entitled to the respect and credit given to officers acting judicially. . . . It is

## Weekly Report of
## NEW CASES DOCKETED

For full history of these cases see Omnibus Index, last page.

**August 16, 1928**

21334—May Coal Co. v. Robinetteo, Admr.; motion for Lucas Appeals to certify. Eugene Rheinfrank, Carl J. Lindecker, A. E. Simmons, Toledo, for plaintiff; E. P. Buckenmeyer, Toledo, for defendant.

21335—Penn. R. Co. v. P. U. C.; error to P. U. C. Henderson & Burr, Columbus,· for plaintiff; Attorney General, for defendant.

**August 17, 1928**

21336—State ex rl. Wadsworth, v. Zangerle, Auditor; error to Cuyahoga Appeals. Snyder, Henry, Thomsen, Ford & Seagrave, Cleveland, for plaintiff; Locher, Green & Woods, and Edward C. Stanton, Cleveland, for defendants.

(Continued from Page 522)

Griggs, Cooper & Co. v. U. S. Print. & Litho. Co. (S. R.) OA. 6 Abs. 486; 161 NE. 789.

Indust. Com. v. Terrell. OA. 6 Abs. 531; OS. No. 21282, 6 Abs. 439.

Kasky v. B. & O. R. R. Co./ (S. R.) OA. 4 Abs. 769; 23 Oh. Ap. 41★.

Klass v. Klass. OA. 6 Abs. 119; 27 Oh. Ap. 459★; 161 NE. 406.

Landon v. State. OA. 6 Abs. 84; 27 Oh. Ap. 529★; 161 NE. 367.

Larick Chevrolet Co. v. Newman. OA. 6 Abs. 525; OS. No. 21256, 6 Abs. 421.

May Coal Co. v. Robinetteo, Admr. OS. No. 21334, 6 Abs. 535.

(Continued on Page 536)

unnecessary to say that we have no supervisory or appelate jurisdiction over referees in bankruptcy or over the decisions of courts of bankruptcy."

Other authorities to the same effect may be found under Section 2313, aforesaid.

It follows, we think, that this court may not, in this proceeding, consider the claim of the plaintiff in error that the order of the Referee disallowing the claim · of the company, was erroneous. It follows by reason of such disallowance that the claim of the surety company was not adjudicated in the bankruptcy proceedings and McNerney was not thereby relieved of liability to the company thereon. A right of action continued in the company, and it had that right when the instant proceeding was instituted.

There is some argument in the brief of the plaintiff in error indicating that the company was bound to prosecute an appeal or error proceedings from the order of the Referee. We know of no rule of law which imposes such a responsibility under the circumstances named.

The judgment is affirmed.

(Mauck, J., concurs.)